IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**INE NWEKE, Individually and on**                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                        No. 1:22-cv-2410


**ASTER HEALTH GROUP, INC.,**                              **DEFENDANTS**
**and KELLY GILBERT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Ine Nweke ("Plaintiff") by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Aster Health Group, Inc., and Kelly Gilbert (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.       PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2.      Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff and others similarly situated sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendants conduct business within the State of Illinois.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

8.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

9.     Plaintiff is an individual and resident of Cook County.

10.     Separate Defendant Aster Health Group, Inc. ("AHG"), is a domestic, for-profit corporation.

11.     AHG's registered agent for service of process is Kelly Gilbert at 518 Davis Street, Suite 100, Evanston, Illinois 60201.

12.     Separate Defendant Kelly Gilbert ("Gilbert") is an individual and resident of Illinois.

13.     Defendants do business as Visiting Angels or Visiting Angels of Chicago.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Gilbert is a principal, director, officer, and/or owner of AHG.

16.     Gilbert took an active role in operating AHG and in its management.

17.     Gilbert, in her role as an operating employer of AHG, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18.     Gilbert, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

19.     During the relevant time, Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

20.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated) during each of the three calendar years preceding the filing of this Original Complaint.

21.    Defendants were, at all times relevant hereto, Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

22.    Plaintiff was employed by Defendants within the three years preceding the filing of this lawsuit.

23.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

24.    Specifically, Plaintiff worked for Defendants as a Caregiver from approximately May of 2019 until November of 2021.

25.    Defendants also employed other Caregivers within the three years preceding the filing of this lawsuit.

26.    Plaintiff's primary duty was to assist Defendants' clients in their homes with tasks such as running errands, preparing meals and housekeeping.

27.    Other Caregivers had the same or similar duties as Plaintiff.

28.    Defendants classified Plaintiff and other Caregivers as exempt from the provisions of the FLSA.

29.    At all relevant times herein, Defendant directly hired Plaintiff and other Caregivers to work on its behalf, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30.    Defendant did not pay Plaintiff an hourly or salary rate.

31.     Defendant did not pay other Caregivers an hourly or salary rate.

32.     Defendant paid Plaintiff and other Caregivers a set amount for each day rate, regardless of how many hours they worked in that day.

33.     Plaintiff regularly worked over 40 hours in a week.

34.     Upon information and belief, other Caregivers regularly or occasionally worked hours over 40 in a week.

35.     In some weeks, Plaintiff worked so many hours that her constructive hourly rate fell below the statutory minimum.

36.     For example, during the weeks of March 15, March 22 and March 29 of 2020, Plaintiff worked so many hours each day that her day rate of approximately $150 per day was insufficient to meet the minimum wage standards under the IMWL.

37.     Defendant did not pay Plaintiff and other Caregivers a rate of 1.5x their regular hourly rate for hours worked over 40 in a week.

38.     In most weeks while Plaintiff was employed with Defendant, she worked over 40 hours and therefore incurred damages.

39.     Specifically but without limitation, during the weeks of March 15, March 22 and March 29 of 2020, Plaintiff worked hours over 40 but was not paid 1.5x her regular hourly rate. Therefore, in these weeks she incurred damages.

40.     Plaintiff and other Caregivers tracked their hours by calling Defendant when they arrived at a client's home and again at the end of their shift.

41.     Defendant set Plaintiff's and other Caregiver's schedules and assigned them clients to visit.

42.     Defendant knew or should have known that Plaintiff and other Caregivers

regularly or occasionally worked hours over 40 each week.

43.     At all relevant times herein, Defendant has deprived Plaintiff and other Caregivers of sufficient wages for all hours worked.

44.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL and the IWPCA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime wages for all hours worked over 40 each week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

47.     Plaintiff proposes the following collective under the FLSA:

**All Caregivers within the past three years.**

48.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein

below.

50.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They worked for Defendant as Caregivers;

B.      They had the same or substantially similar job duties;

C.      They were paid a day rate;

D.      They worked over forty hours in at least one week within the three years preceding the filing of this lawsuit; and

E.      They were not paid an overtime rate for hours worked over 40 in a week.

51.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

52.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

53.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant

## VI.      FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

55.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57.     At all relevant times, Defendants were Plaintiff's "employer" within the

meaning of the FLSA, 29 U.S.C. § 203.

58.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59.     29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

60.     During the period relevant to this lawsuit, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

61.     Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular hourly rate for all hours worked over 40 each week.

62.     Defendants knew or should have known that their actions violated the FLSA.

63.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

64.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

65.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CAUSE OF ACTION
#### (Individual Claim for Violation of the IMWL)

67.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

69.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

70.    IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

71.    IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

72.    Defendants failed to pay Plaintiff a sufficient hourly wage for all hours worked in a week as required by the IMWL.

73.    Defendants failed to pay Plaintiff 1.5x her regular hourly rate for all hours worked over 40 each week.

74.    Defendants knew or should have known that their practices violated the IMWL.

75.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76.    By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

77.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.    THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

78.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

79.    At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

80.    At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

81.    Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

82.    Section 2 of the IWPCA defines "final compensation" as "[p]ayments to

separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

83.     Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

84.     Defendant did not pay Plaintiff all wages and final compensation due.

85.     Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

86.     Defendant knew or should have known that its actions violated the IWPCA.

87.     Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## IX.     FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

88.     Plaintiff repeats and realleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

89.     Plaintiff brings this action on behalf of herself and all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and

members of the putative collective for unpaid wages for all the hours worked.

90.     29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

91.     Defendant misclassified Plaintiff and similarly situated employees as exempt from the requirements of the FLSA.

92.     Defendant failed to pay Plaintiffs and other similarly situated employees 1.5x their regular hourly rate for all hours worked over 40 each week.

93.     Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

94.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

95.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ine Nweke, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be

summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all others similarly situated, and all monies paid to them;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

C. Judgment for damages for all unpaid wages owed to Plaintiff and others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E. An order directing Defendants to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**INE NWEKE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com