IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**INE NWEKE, Individually and on**                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                    No. 1:22-cv-2410-JFK

**ASTER HEALTH GROUP, INC.,**                 **Defendants**
**and KELLY GILBERT**

## CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

WHEREAS, Plaintiff Ine Nweke ("Plaintiff") filed a civil action on or about May 6, 2022, individually and on behalf of all other allegedly similarly-situated persons, against Aster Health Group, Inc. and Kelly Gilbert (collectively, "Defendants") in the Northern District of Illinois, Case No. 1:22-cv-2410 (the "Action").

WHEREAS, the representatives of Plaintiff and Defendant negotiated a private settlement of this matter.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Action or that reasonably arise out of the facts alleged in this Action, *i.e.,* the alleged practices set forth in the pleadings in the Action.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1.     Definitions:

     a.   The "Settlement Class" or the "Class" consists of all current or former live-in Caregivers of Defendants who were employed anytime between May 6, 2019 and September 30, 2022. These individuals have been identified in Exhibit E to this Agreement.

     b.   "Putative Settlement Member" means an individual within the foregoing Class.

     c.   "Gross Settlement Fund" refers to the amount of **Eighty-Five Thousand Dollars** ($85,000.00), the maximum amount that

1

Defendants will be required to pay consistent with the terms of this Agreement.

d. "Net Settlement Fund" refers to the amount of **Forty-Nine Thousand Four Hundred Fifty-Two Dollars and Twenty Cents** ($49,452.20), the payment Defendants are responsible for making to Plaintiffs, other than the Service Award to be paid to Plaintiff.

e. "Releasees" refers to and includes Defendants' present and former subsidiaries, divisions, parent companies, holding companies, stockholders, shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Act ("IMWA"), or Illinois Wage Payment and Collection Act ("IWPCA"), including but not limited to all officers, directors and managers of ABB in their personal capacities. Releasees also specifically include individually named Defendant, Kelly Gilbert.

f. The "Parties" refers collectively to Plaintiff and Defendants.

g. "Class Counsel" refers to Sanford Law Firm, PLLC.

h. "Lawsuit" or "Action" means *Ine Nweke, et al. v. Aster Health Group, Inc., and Kelly Gilbert.,* U.S. District Court for the Northern District of Illinois Case No. 1:22-cv-2410.

i. "Final Approval Order" means the Order entered by the Court fully and finally approving the terms of this Settlement Agreement.

j. "Effective Date" is defined as the date on which the Court enters the Final Approval Order.

2.    This Settlement Agreement is made and entered into by and between Plaintiff and Defendants.  This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court.  Plaintiff and Defendants hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Action, on the terms and conditions set forth in this Settlement Agreement.

3.    Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Releasees.  Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

4.     Class Counsel have conducted a thorough investigation into the facts of the Lawsuit and have diligently pursued investigation and prosecution of Putative Settlement Members' claims against Defendants.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants both on the merits and with respect to class certification.  Defendants and Defendants' counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

5.     The Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by Plaintiff, which release includes in its effect Defendants and all Releasees.

## DISTRIBUTION OF SETTLEMENT PAYMENTS TO SETTLEMENT MEMBERS

6.     In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Class Counsel payments pursuant to the Gross Settlement Fund. Payments from the Gross Settlement Fund shall be delivered to Class Counsel at Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 within twenty-one (21) days of the Final Approval Order, in the following amounts and in the following manner:

a.  Plaintiff will be paid a Service Award of One Thousand Dollars ($1,000.00). Defendants will deliver the Service Award to Class Counsel via check, with no tax withholdings taken from it, and will issue Plaintiff an IRS Form 1099 for this amount. Plaintiff shall provide a Form W-9 to counsel for the Defendants to facilitate this payment.

b.  The amount of the Net Settlement Fund is **Forty-Nine Thousand Four Hundred Fifty-Two Dollars and Twenty Cents** ($49,452.20). Defendants will pay each Putative Settlement Member who submits a timely claim using the agreed Claim Form and fulfills the conditions of the claim procedure specified in this Settlement Agreement, the amounts contained within Exhibit E to this Agreement ("Settlement Collective Members").  The formula the Parties used to determine each Putative Settlement Member's share of the $49,452.20 settlement proceeds was based on the available data including the number of workdays worked by each Putative Settlement Member between May 9, 2019 and September 30, 2022. Each Putative Settlement Member whose calculated share was less than $100.00 will be assigned a minimum share amount of $100.00. Of the amount paid to each such Putative Settlement Members, 100% will be deemed wages and subject to normal payroll tax withholding and W-2 reporting.

Defendants shall be responsible for all employer-paid and due taxes on these wages, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes.

c.   Any Putative Settlement Members who do not return a Claim Form but who do not opt out of the settlement ("Settlement Class Members") will receive a minimum payment of $100.00 ("Minimum Class Payment").

d.   Subject to approval by the Court, Defendants agree to pay to Class Counsel the sum of $34,547.80 as attorneys' fees and costs and expenses, in full and complete satisfaction of all claims by Plaintiff and her counsel for attorneys' fees, costs and expenses of any kind whatsoever, subject to Court approval.  Class Counsel and Defendants agree that Defendants will make such payment to Sanford Law Firm, PLLC as directed by Class Counsel within 15 business days after the deadline for appeal of the Court's final approval of the settlement. Defendants will report the payments to Class Counsel using an IRS Form 1099.  The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded. However, Defendants agree that the agreed upon fees and costs are reasonable and shall not require Plaintiff's counsel to separately petition for fees and costs. If the Court requires Plaintiff's counsel to separately petition for fees and costs, Defendants shall not oppose Plaintiff's efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs. Class counsel must provide a Form W-9 to facilitate this payment.

e.   Any Putative Settlement Members that opt out of the settlement will not be paid their assigned settlement shares as outlined in Exhibit E or a Minimum Class Payment and Defendants will retain all such funds.

## MUTUAL FULL COOPERATION

7.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.   The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.   As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement.

## DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

8.      Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit A:

    a.  Granting preliminary approval of the Settlement Agreement;

    b.  Certifying the agreed upon class and collective for settlement purposes;

    c.  Appointing Class Counsel;

    d.  Approving as to form and content the proposed Notice of Class Action Settlement and Settlement Hearing and Claim Form, attached as Exhibits B and C, respectively;

    e.  Approving as to form and content the proposed Opt-Out Form, attached as Exhibit D;

    f.  Directing the mailing of the Notice of Class Action Settlement and Settlement Hearing and Claim Form and Opt-Out Form by first class mail to the Putative Settlement Members as set forth herein;

    g.  Setting the deadline for objections and Form submissions; and

    h.  Scheduling a final fairness hearing on the question of whether the proposed settlement should be approved as fair, reasonable, and adequate as to the Settlement Class.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

9.      Following approval by the Court of the Settlement, Class Counsel will issue the Notices of the Settlement and of the Claims Procedure.

10.     **Notice to the Putative Settlement Members.**

    a.  Within 7 days of the Court's preliminary approval of this Settlement Agreement, Defendants will provide Class Counsel with an accurate and complete list containing all last known emails and physical address information for the Putative Settlement Members (the "Class List").

    b.  Within 14 days of receiving the Class List, Class Counsel will send the Court-approved Notice of Class Action Settlement and Settlement Hearing and the Claim Form and Opt-Out Form, substantially in the form attached hereto as Exhibits B, C, and D, (together "Notice"), including with any modifications at the direction of the Court, to the

Settlement Class, by first-class mail, with a postage pre-paid return envelope.

c. Putative Settlement Members will have forty-five (45) days after the Notice is mailed to submit their Claim Form or Opt-Out Form.

d. Class Counsel will file redacted versions of all returned Claim Forms and Opt-Out Forms within three business (3) days of the close of the Claim Form deadline.

11. **Objections; Opt-Outs; Binding Effect**

a. Any Putative Settlement Member may object to this settlement, provided that such objections are made in writing and served on counsel for the Parties no later than forty-five calendar (45) days after the Notice is mailed.

b. All Putative Settlement Members will be bound by the Final Approval Order, the judgment, and the releases set forth in this Agreement. However, no FLSA claims are released by Putative Settlement Members who do not opt in by filing a claim under this Settlement. Unless they have timely asserted an objection to this Agreement, all Putative Settlement Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness and adequacy.

c. None of the Parties, their counsel, nor any person acting on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process, however, Class Counsel may advise Putative Settlement Members how to assert their right to object. Should Plaintiff's counsel make this instruction, they shall also instruct the Putative Settlement Member that Class Counsel has reviewed all relevant time and payroll records when reaching this Agreement and the Court has not made any findings with regard to the subject matter of this litigation.

d. Upon receipt, counsel for the Parties shall promptly exchange with one another and Plaintiff's counsel shall file with the Court copies of all objections and/or challenges to the Settlement Agreement or any part thereof.

e. Within 7 calendar days after Class Counsel files all Claim Forms on the public docket, the Parties will file a Joint Motion for Final Approval, seeking the Court's entry of the Final Approval Order.

**POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT**

12.     A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.

13.     If this Settlement Agreement is voided under the prior paragraphs, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

**SETTLEMENT AGREEMENT EFFECTIVE DATE,
RELEASE AND PAYMENT PROCESSES**

14.     Upon the Effective Date, each individual who returns a timely and valid Claim Form fully releases and discharges Defendants and Releasees from any claims which arose between May 6, 2019 and September 30, 2022 for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay earned wages under the FLSA, IMWA, IWPCA, and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Illinois, regarding failure to pay minimum wages and/or overtime wages. This release shall apply to all forms of wages and amounts allegedly due such as claims for off-the-clock work, mileage reimbursement, and meal, rest break and dual jobs claims. Settlement Collective Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.  Named Plaintiff shall provide a general release of all claims, including any that were or could have been asserted by her as related to her employment with Defendants.

15.     Notwithstanding the foregoing, no FLSA claims are released by Putative Settlement Members who do not opt in by filing a claim under this Settlement Agreement.

16.     Upon the Effective Date, each individual listed in Appendix E and who did not return a timely and valid Opt-Out Form will release all claims or causes of action they have against the Releasees arising under Illinois wage and hour law, or any similar state, municipal, or local laws, such as off-the-clock claims, mileage reimbursement claims, meal and rest break claims, and dual jobs claims, specifically including claims brought under the IMWA and IWPCA.

## PARTIES' AUTHORITY

17.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## ENFORCEMENT ACTIONS

18.     This Settlement Agreement is fully enforceable in the U.S. District Court for the Northern District of Illinois before the Honorable John F. Kness or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this agreement.

## NOTICES

19.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties to this Settlement Agreement shall be in writing and shall be addressed as follows:

To Plaintiff:

Josh Sanford
Sanford Law Firm, PLLC
josh@sanfordlawfirm.com
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Tel: (800) 615-4946
Fax: (888) 787-2040

To Defendants:

Linda K. Horras
HINSHAW & CULBERTSON LLP
151 North Franklin St., Ste. 2500
Chicago, Illinois 30309
Tel: (312) 704-3022
Fax: (312) 704-3001
lhorras@hinshawlaw.com

## CONSTRUCTION

20.     The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against

any Party by reason of the extent to which any party or her or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

21.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

22.     This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

23.     This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

24.      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein. This provision shall apply to all putative collective action members who opt into this case and all Class members who do not opt out of it.

## CLASS COUNSEL SIGNATORIES

25.     It is agreed that because the Putative Settlement Members are so numerous, it is impossible or impractical and not required to have each Putative Settlement Member execute this Settlement Agreement.  The Notice will advise all Putative Settlement Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Putative Settlement Member.

## <u>COUNTERPARTS</u>

26.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

Dated:   8/14/2023

**Ine Nweke, Individually and on behalf of Collective and Class**

Dated:

**Kelly Gilbert**

Dated:

**Aster Health Group, Inc.**

By:

Its:

# Exhibit A
# ORDER OF PRELIMINARY APPROVAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**INE NWEKE, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                        No. 1:22-cv-2410-JFK

**ASTER HEALTH GROUP, INC.,**                                **Defendants**
**and KELLY GILBERT**

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL

Upon consideration of the Joint Motion for Preliminary Approval of the class-wide

settlement and its supporting memorandum, exhibits, and affidavit, and

It appearing that the proposed settlement is fair and reasonable, and

It further appearing that Notice of Class Action Settlement and Settlement

Hearing and an opportunity to object will be sent to all Putative Settlement Members,

It is therefore this __ day of _____ 2023:

ORDERED that the Parties' class-wide settlement is preliminarily fair and

reasonable;

ORDERED that for purposes of settlement a Settlement Class is certified

consisting of the following class:

> All current or former live-in Caregivers employed by Aster Health
> Group, Inc., at any time between May 6, 2019, and September 30,
> 2022. These individuals have been identified in Exhibit E of the
> Parties' Motion.

ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same

  meaning ascribed to them in the Parties' Settlement Agreement;

- Sanford Law Firm, PLLC, is appointed as Class Counsel;

- Within seven calendar (7) days of this Order, Defendants will provide Class Counsel with an accurate and complete list containing all last known emails and physical address information for the Putative Settlement Members;

- Within fourteen calendar (14) days of receiving this list, Class Counsel shall send by first-class mail and, where available, email, the Notice of Class Action Settlement and Settlement Hearing, Opt in & Claim Forms, and Opt-Out Forms to all Putative Settlement Members;

- Putative Settlement Members shall lodge objections/opt-outs or submit claims as set forth in the Notice of Class Action Settlement and Settlement Hearing;

ORDERED that the form and content of the Notice of Class Action Settlement and Settlement Hearing, Consent to Join Collective Action Settlement & Claim Form, and Opt-Out Forms set forth in the Joint Motion for Preliminary Approval is adequate, proper, comports with Due Process and are hereby approved;

ORDERED that a final fairness hearing be held on _____ at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Courtroom 2125, Chicago, Illinois 60604;

ORDERED that counsel for the Parties shall file motion papers for final approval of all terms of the Settlement Agreement no later than seven calendar (7) days after Class Counsel files the last Claim Form; and it is

ORDERED that this action is stayed pending the Court's ruling on the settlement at the final approval hearing.

Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

Honorable John F. Kness
United States District Judge

# Exhibit B
# NOTICE OF CLASS & COLLECTIVE ACTION SETTLEMENT AND HEARING

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

*Nothing in this Notice means that the Court has made any findings relative to the merits of the claims made in this litigation.*

**NOTICE OF CLASS & COLLECTIVE ACTION SETTLEMENT AND SETTLEMENT HEARING**

You are receiving this Notice because you are or were an Aster Health Group, Inc. Caregiver and are part of a group of live-in Caregivers, called a "Class," who brought a lawsuit against Defendants Aster Health Group, Inc. and Kelly Gilbert. This "Lawsuit" claims that Defendants did not pay Caregivers for all hours worked in violation of federal and Illinois minimum wage and overtime laws, including violations that may have been caused by using a day rate during part of the class period of May 6, 2019 to September 30, 2022. Defendants deny any allegations of improper wage/hour practices but has agreed to resolve this matter to avoid the disruption and expense associated with further litigation. Defendants also affirmatively state that AHG d/b/a Visiting Angels of Chicago North Shore ceased doing business on October 1, 2022.

The Employees in the Class are:

> All current or former live-in Caregivers employed by Aster Health Group, Inc., at any time between May 6, 2019, and September 30, 2022.

A proposed Settlement has been reached in this Lawsuit that affects your rights. The purpose of this Notice is to inform you of the settlement terms and your rights and options in connection with the Settlement. If the Settlement is finally approved, it will resolve all claims in the Lawsuit.

| **YOUR LEGAL RIGHTS AND OPTIONS** |
| --- |

| | |
|---|---|
| **OPT IN & SUBMIT CLAIM FORM** | **Fill out the Time Sensitive Claim Form to receive money. Agree to the release of certain claims against Defendants.**<br><br>If you wish to participate in the Settlement, opt into this litigation and receive a money award, and agree to be bound by the class and collective action settlement and release described below, you must complete and return the attached Time Sensitive Claim Form, which must be mailed or emailed to:<br><br>Josh Sanford<br>Kirkpatrick Plaza<br>10800 Financial Centre Parkway, Suite 510<br>Little Rock, Arkansas 72211<br>josh@sanfordlawfirm.com<br><br>The Time Sensitive Claim Form must be received or post-marked on or before _____, 2023. |
| **OBJECT TO THE SETTLEMENT** | **State your objection to the settlement.**<br><br>If you believe the Settlement should not be approved by the Court for any reason, you may state your objections to the Court. If you wish to do so, you must mail a letter to counsel for the Parties stating why you object to the Settlement on or before _____, 2023. Counsel for the parties will promptly exchange with one another and file with the Court copies of all objections. You may also attend the fairness hearing that will be held on _____, 2023, to state your objections to the presiding judge. |
| **OPT OUT OF THE SETTLEMENT** | **Fill out the Opt-Out Form. Get no money. Release no claims.**<br><br>If you do not want to participate in the Settlement, do not want to receive a money award, and do not want to release any claims, you must complete and return the attached Opt-Out Form, which must be mailed or emailed to:<br><br>Josh Sanford<br>Kirkpatrick Plaza<br>10800 Financial Centre Parkway, Suite 510<br>Little Rock, Arkansas 72211<br>josh@sanfordlawfirm.com<br><br>The Opt-Out Form must be received or post-marked on or before _____, 2023. Should you opt out of this litigation, Defendants have not waived the right to challenge any future wage/hour claims, including asserting the defense of timeliness. |

| DO NOTHING | **Do nothing. Receive a minimum payment. Release some claims.**<br><br>If you do nothing, you will receive a minimum payment of $100, and you will release your claims under Illinois state law but not your claims under federal law, as explained below Should you do nothing, Defendants have not waived the right to challenge any future wage/hour claims, including asserting the defense of timeliness. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why did I get this notice? ...........................................................[insert page #s]

What is this lawsuit about? ........................................................[insert page #s]

What are the settlement terms? .................................................[insert page #s]

When is the final approval hearing? ..........................................[insert page #s]

What if I have objections to the settlement? ..............................[insert page #s]

Where do I find more information? .............................................[insert page #s]

Who do I contact if I have further questions? ...........................[insert page #s]

## Why did I get this Notice?

You are part of a group of Employees that worked at the Aster Health Group, Inc., called a Class, that were the subject of this Lawsuit. On ____, 2023, the Court overseeing this case preliminarily approved a Settlement and ordered that this Notice be sent to all Employees in the Class. This Notice explains what you can get from the Settlement and what rights are affected.

Defendants will not and cannot retaliate against you for participation or non-participation in the settlement.

**If you are receiving this Notice, you are entitled to submit a Time Sensitive Claim Form and to receive a payment under the Settlement.**

## What is this Lawsuit about?

This Lawsuit alleges that, in violation of federal and Illinois law, Defendants' live-in Caregivers have not been paid all wages to which they were entitled under the law. The Named Plaintiff alleges that she and other live-in caregivers were paid a day rate that

led to minimum wage and overtime violations in certain workweeks. The Lawsuit seeks damages from Defendants for the alleged unpaid overtime and minimum wages, liquidated damages and other applicable penalties, and attorneys' fees and expenses.

Defendants state that they paid employees all compensation owed to them and that they have complied with federal and state law and governing municipal ordinances. Defendants deny any liability or wrongdoing of any kind.

Judge John F. Kness of the United States District Court for the Northern District of Illinois is overseeing this lawsuit. The lawsuit is known as *Ine Nweke, et al. v. Aster Health Group, Inc.,* U.S. District Court for the Northern District of Illinois Case No. 1:22-cv-2410.

| **What are the Settlement terms?** |
| --- |

Under the terms of the Settlement Agreement, the total sum of $49,452.20 is available as the Net Settlement Fund, from which each eligible Caregiver who submits a timely Claim Form may receive a settlement payment. If you choose to opt in by submitting a timely Claim Form, your share of the settlement is $_____ Each Employee's share of the settlement was calculated using a formula that will take into account each Employee's length of employment, time recorded to have been worked, and day rate paid between May 6, 2019 and September 30, 2022. In addition, Defendants has agreed to pay a service award of $1,000.00 to Named Plaintiff Ine Nweke.

**How can I make my claim?**

You must fill out the Opt In Claim Form that is attached to this Notice and return it by mail or email to Class Counsel at the information listed above.

**Will I owe any taxes?**

The amount you receive will be wage income and subject to normal payroll tax withholding and W-2 reporting. These deductions will be taken out of your settlement check. If you have questions about the tax consequences of the payment to you, you should consult with an accountant or other tax advisor.

**What rights am I giving up by submitting a Claim Form?**

You will give up any right to file a separate lawsuit alleging the same or similar claims as this Lawsuit. Even if you do not file an Opt In Claim Form, because you are a member of a certified class for settlement purposes, you release all claims or causes of action you have against the Releasees arising under Illinois wage and hour law for overtime, minimum wages off-the-clock mileage reimbursement claims, meal and rest break claims, and dual jobs claims, specifically including claims brought under the Illinois Minimum Wage Act ("IMWA") and Illinois Wage Payment and Collection Act ("IWPCA") unless you submit the Opt-Out Form. If you do not file a Claim Form, you will retain all

rights under federal law in any future action subject to Defendants' defenses, including but not limited to those related to timeliness of claims.

If you submit an Opt In Claim Form, you agree to fully release and discharge Defendants from any claims which arose between May 6, 2019 and September 30, 2022 for alleged unpaid wages, liquidated or other damages, unpaid meal breaks, expenses, costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay earned wages under the FLSA, IMWA, IWPCA, and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Illinois, regarding failure to pay minimum wages and/or overtime wages.

You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws. Further, you are not releasing or waiving any claim(s) relating to job positions not at issue in the Class.

Your release of claims will be only effective if the Court grants final approval of the Settlement.

**What if I do not want to participate?**

If you do not want to participate in the settlement, you must fill out the Opt-Out Form that is attached to this Notice and return it by mail or email to the information listed above.

If you submit an Opt-Out Form, you will not receive a Settlement check and you will not release any claims you believe you may have against Defendants.

**Do I have to pay any attorneys or other costs?**

No. If the settlement is approved, Class Counsel will receive a separate amount of attorneys' fees equal to 40% of the total settlement fund, plus reimbursement of their incurred costs.

Any payments to the attorneys must be approved by the Court. To date, Class Counsel has been prosecuting the lawsuit, without being paid, while advancing the costs and expenses of litigation on behalf of the Class.

**When is the final approval hearing?**

The Final Approval Hearing will be held on _____, 2023 at ____ p.m. in Courtroom 2125 of the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604. At that hearing, the Court will determine if the Settlement is fair, reasonable,

adequate, and in the best interests of the class. The Court may postpone the hearing or change its location without further notice to you.

You are not required to attend the Final Approval Hearing, although you may do so. If you are satisfied with the Settlement, there is no need for you to appear.

## What if I have objections to the Settlement?

If you have objections to the Settlement, you must state them in writing and mail them to the counsel for the Parties at the following addresses for filing with the Court, on or before _____, 2023: You may also attend the fairness hearing before the Court.

| Class Counsel: | Defense Counsel: |
|---|---|
| Josh Sanford | Linda K. Horras |
| Sanford Law Firm, PLLC | Hinshaw & Culbertson LLP |
| josh@sanfordlawfirm.com | 151 North Franklin St., Ste. 2500 |
| Kirkpatrick Plaza | Chicago, Illinois 60606 |
| 10800 Financial Centre Pkwy, Suite 510 | lhorras@hinshawlaw.com |
| Little Rock, Arkansas 72211 | Tel: (312) 704-3022 |
| Tel: (800) 615-4946 | Fax: (312) 704-3001 |
| Fax: (888) 787-2040 | |

All objections or other correspondence must state the name and number of the Lawsuit, which is *Ine Nweke et al. v. Aster Health Group, Inc., et al.,* Case No. 1:22-cv-2410.

## Who do I contact if I have further questions?

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable to you if the Settlement is approved, should be directed to Class Counsel.

If you have a question for Class Counsel, you can contact Josh Sanford at josh@sanfordlawfirm.com or (800) 615-4946 or write to Sanford Law Firm, PLLC, 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211.

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

**THIS IS A NOTICE TO POTENTIAL CLASS AND COLLECTIVE ACTION CLAIMAINTS. THE COURT HAS NOT MADE ANY FINDINGS BASED ON THE MERITS OF THE CLAIMS OR DEFENSES IN THIS LITIGATION.**

# Exhibit C
# CLAIM FORM

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**INE NWEKE, Individually and on**                                                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                         No. 1:22-cv-2410-JFK

**ASTER HEALTH GROUP, INC.,**                                          **Defendants**
**and KELLY GILBERT**

## <u>CONSENT TO JOIN or OPT IN TO</u>
## <u>COLLECTIVE ACTION SETTLEMENT & CLAIM FORM</u>

I was a live-in Caregiver employed by Defendants at some point between May 6, 2019, and September 30, 2022. I understand this lawsuit is being brought under the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL) and Illinois Wage Payment & Collection Act (IWPCA) for unpaid wages. I consent to become a party-plaintiff in this lawsuit, to being represented by Sanford Law Firm, PLLC, and to be bound by the settlement approved by the Court. I understand that by opting in, I agree to the following Release of claims:

Any claims which arose between May 6, 2019 and September 30, 2022 for alleged unpaid wages, liquidated or other damages, unpaid meal breaks, expenses and costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay earned wages under the FLSA, IMWA, IWPCA, and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Illinois, regarding failure to pay minimum wages and/or overtime wages.

_____                          _____
SIGNATURE                                                     Mailing Address

_____                          _____
PRINTED NAME                                                City, State and Zip

Date: _____, 2023                         _____
                                                                      Email Address

**Josh Sanford**                                             _____
**SANFORD LAW FIRM, PLLC**                          Telephone
**Kirkpatrick Plaza**
**10800 Financial Center Pkwy, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (800) 615-4946**
**josh@sanfordlawfirm.com**

# Exhibit D
# OPT-OUT FORM

### OPT-OUT FORM

## IF YOU WANT TO RECEIVE MONEY FROM THE SETTLEMENT, DO <u>NOT</u> SIGN THIS FORM.

I hereby declare as follows:

I am/was employed by Aster Health Group, Inc. as a live-in Caregiver at any time between May 6, 2019 and September 30, 2022.

I wish to be **excluded** from the Settlement Class described in the Notice of Class Action Settlement and Settlement Hearing and I **do not** want to participate in the proposed Settlement described therein.  I understand that I will **NOT** receive any money from the Settlement if I sign and return this form.  I also understand that I will retain all rights under federal and state law regarding the claims that are the basis of this lawsuit as described in the Notice. I further understand that the Defendants shall maintain all defenses to my claim, including a defense of timeliness. I also understand that if I **do not** submit this form, I will release all rights under state law regarding the claims that are the basis of this lawsuit as described in the Notice.

I declare that the foregoing and the information provided below is true and correct.

Dated: _____          _____
                                                                     (Signature)

                                                          _____
                                                          (Typed or Printed **Full Name**)

                                                          _____
                                                                     (Address)

                                                          _____
                                                          (City, State, Zip Code)

                                                          _____
                                                          (Telephone Number, Including Area Code)

**THIS DOCUMENT MUST BE SENT VIA U.S. MAIL OR FACSIMILE POSTMARKED NO LATER THAN _____ TO:**

Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

# Exhibit E
# SETTLEMENT ALLOCATION

Exhibit E - Plaintiff Settlement Allocation

| Name | Allocated Settlement Share | Service Award | Total Settlement Award |
|---|---|---|---|
| Andal, Lilia | $4,414.33 | | $4,414.33 |
| Ayala, Gabriela | $668.17 | | $668.17 |
| Bello, Sherifat | $3,993.28 | | $3,993.28 |
| Benay, Monika | $5,353.08 | | $5,353.08 |
| Birtman, MariaCorazon | $8,642.63 | | $8,642.63 |
| Boatemaa-Moore, Nana-Yaa | $136.66 | | $136.66 |
| Cash, Lashinda | $322.41 | | $322.41 |
| Ferdinand, Lois | $490.62 | | $490.62 |
| Ferrell, Tanika | $100.00 | | $100.00 |
| Frey, Shelly | $1,198.63 | | $1,198.63 |
| Holmes, Margaret | $100.00 | | $100.00 |
| Izhar, Samina | $662.68 | | $662.68 |
| Kafisanwo, Ayotumde | $100.00 | | $100.00 |
| Lewis, Laura | $2,994.42 | | $2,994.42 |
| Logan, Nikita | $100.00 | | $100.00 |
| Mercado, Elizabeth | $1,046.21 | | $1,046.21 |
| Nweke, Ine | $11,471.87 | $1,000.00 | $12,471.87 |
| Onafowokan, Risikat | $1,265.87 | | $1,265.87 |
| Onukwue, Anneth | $616.31 | | $616.31 |
| Phiffer, Kimberly | $100.00 | | $100.00 |
| Ponce, Florencia | $693.46 | | $693.46 |
| Reardon, Rosalinda | $1,608.28 | | $1,608.28 |
| Roden, Linda | $273.40 | | $273.40 |
| Silva, Genoveva | $471.78 | | $471.78 |
| Sullivan, Jane | $100.00 | | $100.00 |
| Tan, Katherine | $1,926.24 | | $1,926.24 |
| Vertiz, Victoria | $601.87 | | $601.87 |
| Total: | | | $50,452.20 |