# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Ine Nweke

                        Plaintiff,

v.                                                     Case No.: 1:22–cv–02410
                                                            Honorable John F. Kness

Aster Health Group, Inc., et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Saturday, November 4, 2023:

      MINUTE entry before the Honorable John F. Kness: The motion [41] by Plaintiffs' counsel to appear by remote means at the final fairness hearing on 11/8/2023 is granted in part. Counsel may appear by telephone, but not by "Zoom" videoconference as requested. In considering this motion, I was initially reluctant to allow Plaintiffs' counsel to appear remotely; after all, remote attendance at scheduled hearings is a privilege, not a right, and the upcoming hearing is substantive. To be sure, remote attendance can conserve party resources and aid counsel in managing their often–busy calendars. Requiring a lawyer to travel long distances to attend a routine status hearing in a civil case often does not make sense. On the other hand, the proliferation of remote attendance at hearings has, in my view, contributed to diminished professionalism, courtesy, and lawyer effectiveness. Counsel appearing by remote means are more likely to be inattentive, unduly casual, and combative. Remote hearings can also be difficult to manage, with dropped calls, inaudible (or hard to understand) speakers, background noise, and other nuisances. Court reporters have significantly greater difficulty transcribing court hearings as well. In short, but for compelling reasons of efficiency, my presumption is that hearings, especially substantive hearings, should be held in person. That presumption applies to class action fairness hearings. In this case, however, there are good reasons not to require the attendance of out of town counsel. The proposed settlement amount and counsel's fees are comparatively modest. Travel expenses will be borne either by counsel or the class members (or both), meaning that a requirement to appear in person could materially reduce the amount of compensation to the class. In view of this potential effect, and given that it is unlikely the fairness hearing will be contested, the more efficient approach is to permit counsel to appear by telephone (for various reasons, mostly technology–related, I typically do not hold video hearings). Accordingly, the motion [41] to appear by remote means is granted in part. Mailed notice (jfk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.